RECEIVED
FEB 21 2014
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA
AT ANCHORAGE

CLYDE REYNOLDS, ANDRIA REYNOLDS and SCOTT REYNOLDS

Plaintiffs

v.

THE M/V POHAH No 2 Official IMO No. 9227601, , and her engines, gear, and appurtenances *in rem*, Boyang, Boyang Maritime Kyeong Shin Deep Sea Fisheries Co Ltd, Boyang Ltd, Kahana Marine Ltd, and Oswego Ltd, believed to be Korean Companies or entities, Boyang USA Inc, and Trans-Port International Inc, Washington Companies and NOK CO. Ltd. S.A believed to be *a* Panamanian Company and Eastern Reefer II A.S. believed to be a Norwegian Company *in personam*

Defendants

Case No. 3:14-cv-00034 SLG

**COMPLAINT**

**JURY TRIAL REQUESTED**

Plaintiffs through counsel alleges against the above named Defendants as follows:

**PRELIMINARY ALLEGATIONS**
**(Parties, Jurisdiction and Venue)**

1. Plaintiffs are Alaskan residents and have been at all times at issue in this controversy.

2. On information and belief the M/V Pohah No.2 is a frozen cargo ship registered in the Marshal Islands owned and/or managed by the above *in personam* Defendants.

3. On information and belief, Defendants Boyang, Boyang Maritime Kyeong Shin Deep Sea Fisheries Co Ltd, and Boyang Ltd. ("Boyang" herein) are a foreign based entities doing business in Alaska, and owners and/or managers of the Pohah No.2.

4. On information and belief, Defendants Boyang USA inc, and Trans-Port International Inc, are Washington Companies doing business in Alaska and wholly controlled subsidiaries and alter egos of or through which the Boyang Defendant's do business in Alaska and as such are liable as owners and/or managers of the Pohah No.2

Gerald Markham
Attorney at Law
198 Journey's End Way
Friday Harbor
WA 98250
360 378 2873

5. On information and belief, Defendant Khana Marine Ltd. is a foreign entity doing business in Alaska, and an owner and/or manager of the Pohah No.2

6. On information and belief, Defendant Oswego Ltd. is a foreign entity doing business in Alaska, and an owner and/or manager of the Pohah No.2.

7. On information and belief, Defendant NOK CO. Ltd. SA and foreign entity doing business in Alaska, and are an owner, registered owner, owner *pro hac vice* and/or manager of the Pohah No.2.

8. The amount in controversy herein, exclusive of interest and costs, exceeds $75,000. This Court has maritime subject matter jurisdiction on that basis as to claims asserted against these *in personam* Defendants pursuant to the Admiralty Extension Act. 46 USC § 30101 and given the diversity of citizenship of the parties, 28 USC §1332.

7. This is also an admiralty and maritime claim within the meaning of FRCP Rule 9(h) as to the *in rem* Defendant Vessel M/V Pohah No.2 and this Court has subject matter jurisdiction in admiralty over it pursuant to 28 U.S.C. 1333 and 46 USC § 30101.

8. Venue is proper in this District, in that the Vessel presently is, or during the pendency of this action will be, within the Federal Judicial District in which this action has been commenced, and the subject accident occurred in this District.

**OPERATIVE FACTS (Accident)**

9. On or about March 7, 2011, Plaintiff was employed by Offshore Systems Inc (OSI herein) as a member of its longshore gang and engaged in aiding in mooring the M/V Pohah No 2, to the OSI dock facility at Dutch Harbor, Alaska.

10. During the process of this mooring, after her forward mooring line was attached ashore and her bow was brought into the dock, her stern mooring line was then attached ashore. However as this vessel's stern mooring winch crew took in the slack on her stern line with her mooring winch and pulling her stern into the dock, her stern line snagged.

11. This created a dangerous condition for the longshore gang ashore, nevertheless the vessel's crew continued to maintain tension and take in on this line until this line un-snagged or popped, with great force and swept across the beach in the direction of the longshore gang who having attached her stern line were then walking on that beach back

to the dock and striking Plaintiff Clyde Reynolds' right ankle, taking his feet out, knocking him to the ground and proximately causing him to sustain serious injury.

**COUNT I.**

**CAUSE OF ACTION CLYDE REYNOLDS 33USCA § 905(b) NEGLIGENCE**

12. Plaintiff incorporates all of his foregoing allegations by reference.

13. During this navigational act of mooring the Pohah No.2 all her gear and specifically her stern winch and line were under the command and control of her officers and crew who were actively engaged in bringing her alongside the dock. The longshore crew merely attached her mooring lines ashore and had completed that limited act.

14. The Defendant vessel and her owner/operators, officers and crew were negligent in their active involvement, control and navigation of this vessel and operation of her gear in among other things:

a. Their apparent failure to have a clear "mooring plan" with OSI prior to this mooring addressing its nature, what conditions and problems the vessel might encounter and how she would address them if they did with particular attention to language barriers.

b. Their apparent failure to train her officers and crew in the prevention of a snagged mooring line, in the need to keep a proper lookout for this and other conditions that could present a danger to those both aship and ashore during mooring and what to do in the event of their occurrence.

c. And regardless of their plans or training, the failure of her officers and crew on this occasion to follow safe procedures to prevent this snagged mooring line, keep a proper lookout for this dangerous condition and properly respond to it.

d. And such other failure that may come to light in discovery.

15. As a direct and proximate result of the above negligence of the Defendants' or their agents, officers and crew, Plaintiff Clyde Reynolds:

a. sustained and will continue to sustain physical and emotional pain and suffering

b. incurred and will continue to incur to medical costs and expenses

c. has been physically disfigured

d. has lost earnings and suffered a loss of future earning capacity

e. has been and will continue to be impaired in his enjoyment of life

f. and his impairment is degenerative and likely to worsen over time.

all to his damage in an amount in excess of $75,000 to be determined at trial.

## COUNT II

## GENERAL MARITIME LAW LOSS OF CONSORTIUM ANDRIA REYNOLDS

16. The Plaintiffs incorporate by reference all the foregoing paragraphs

17. At the time of the accident complained of above to Clyde Reynolds he and Andria Reynolds were lawfully married and continue to be.

18. That as a result of the wrongful and negligent acts of the Defendants, and each of them, Plaintiff Andria Reynolds was caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of her marital relationship.

19. That all the aforesaid injuries and damages were proximately caused by the negligence of the Defendants.

## COUNT III

## GENERAL MARITIME LAW LOSS OF CONSORTIUM SCOTT REYNOLDS

20. The Plaintiffs incorporate by reference all the foregoing paragraphs

21. At the time of the accident complained of above to Clyde Reynolds, Scott Reynold's was Clyde Reynolds' pre-accident conceived child, thereafter born on August 17, 2011.

18. That as a result of the wrongful and negligent acts of the Defendants, and each of them, Plaintiff Scott Reynolds was caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and normal parental relationship with his father Clyde Reynolds, all to his detriment.

19. That all the aforesaid injuries and damages were proximately caused by the negligence of the Defendants.

WHEREFORE, Plaintiffs requests a trial by jury as to all claims, and judgment against the Defendants, jointly and severally, awarding them the following relief:

A. General and special damages according to proof;

B. Their costs, attorney fees and prejudgment interest; and

C. Such other relief as is just and proper in law, equity or admiralty.

Dated this the 18 day of Febuary, 2014 at Anchorage Alaska.

Gerald W. Markham Alaska Bar No 72-10058
Attorney for Clyde, Andria And Scott Reynolds

VERIFICATION

COMES NOW Gerald W. Markham Attorney at Law and states under penalty of perjury of the law of the United States that he is the attorney for the injured plaintiffs in the above entitled case and that based on personal knowledge the information stated in this complaint that the circumstances of this accident described therein are based on information supplied by Plaintiffs and my investigation including other eye witness statements to the event and true to the best of my information and belief

Sworn to at Anchorage this 18 day of Feb, 2014

Gerald W. Markham